VINCENZO IDONI, Plaintiff, *v.* JOSEPH DOWN and Another, Defendants.

Supreme Court, Westchester County, November 10, 1938.

*Morris Block,* for the plaintiff.

*Down & Heffernan,* for the defendants.

DAVIS, J. Plaintiff, who is a contractor, alleges that there is a balance due him of $395 for services rendered and materials furnished by him for the improvement of certain premises in the Bronx owned by the Home Ownership Plan, Inc. The improvements on the premises were to be financed with the proceeds of a building loan obtained by the owner-corporation above mentioned. According to the provisions of section 36 of the Lien Law such loan constituted a trust fund for the payment of the cost of the improvements.

The defendants are a firm of attorneys who rendered professional services to the owner-corporation in connection with the procuring of said loan. They received from the corporation a check for $320.18 in payment of such services and disbursements. The plaintiff claims that this check to the defendant attorneys was paid out of the proceeds of the building loan and constituted a diversion to that extent of the building loan or trust fund. The plaintiff thereupon brought the present action for money had and received against the said attorneys. No charge of wrongdoing or any impropriety is made against the defendants in the receipt of the said check. The question is whether the defendants are entitled to retain the proceeds thereof in light of the following facts.

At the time the defendants received the aforesaid check for $320.18, namely, September 21, 1936, it was clearly understood between them and the owner-corporation that said check was drawn against and was payable out of the corporation's own funds. On the said date (Monday, September 21, 1936) the owner-corporation had in its own bank account, against which the aforesaid $320.18 check was drawn, the sum of $501.85, more than sufficient to pay said check. If the defendants had presented this check to the bank on which it was drawn on September 21, 1936, it would have been paid out of the $501.85 on deposit to the credit of the drawer-corporation and the present question would not have arisen.

However, the defendants did not do so but deposited the check in their own bank for collection. It was not presented for payment to the bank on which it was drawn until Thursday, September 24, 1936. In the meanwhile the owner-corporation on September 21st deposited the proceeds of the building loan ($10,410) in the same account in which it had the $501.85 previously referred to. At the close of business on September 21, 1936, the owner-corporation had on deposit to its credit *in the same account* the aforesaid

sums of $501.85 plus $10,410 or a total of $10,911.85. Between September twenty-first and September twenty-fourth, the latter being the date when the check to the defendants was presented for payment and paid, the owner-corporation by a number of withdrawals had reduced its bank account to $3,003.38 at the close of business on September twenty-fourth.

The plaintiff relies upon the rule of " first in — first out," that is, where personal funds and trust funds have been commingled in the same account the first item on the debit side of the ledger must be charged to the first item on the credit side.

I am of the opinion and so decide on the authority of *Importers & Traders' Nat. Bank* v. *Peters* (123 N. Y. 272) that the rule attributing the first drawing out to the first payment in does not apply to this case.

" If a person holding money in a fiduciary capacity, pays it to his account at his bankers, and mixes it with his own money and afterwards draws out some by checks generally and in the ordinary manner, the drawer of the checks must be taken to have drawn out his own in preference to the trust money." (*Importers & Traders' Nat. Bank* v. *Peters, supra.*) The law presumes that the drawer acted honestly and not dishonestly. (*Knatchbull* v. *Hallett*, L. R. [13 Ch. Div. 696].)

This presumption might be rebutted in the present case by proof that the amounts drawn by the corporation for its own purposes against its individual funds exceeded the amount on deposit to the credit of the corporation for its individual purposes. Such proof might lay the basis for an inference that the amount of checks drawn by the corporation in excess of its individual funds were intended to be paid out of trust funds. No such proof has been attempted by either party on this motion. Both motions for summary judgment are accordingly denied.